IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANDY ERWIN BERLIN, #42548-018** **PETITIONER**

**VERSUS** **CIVIL ACTION NO. 5:07-cv-215-DCB-MTP**

**CONSTANCE REESE, Warden FCI-Yazoo City** **RESPONDENT**

### MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner Berlin, an inmate incarcerated at the Federal Correctional Complex (FCC-Yazoo), Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on November 29, 2007.

### Background

According to the Petitioner, on August 27, 2006, he received an incident report for smoking a cigarette while housed at the Federal Prison Camp in Miami, Florida.  After Petitioner was transferred to FCC-Yazoo, he initiated a complaint with the Administrative Remedy Program of the Bureau of Prisons to challenge this incident report.[1]  Petitioner claims that his filings were erroneously rejected as untimely.  Petitioner submits various arguments to support his claim and request that this Court "[o]rder the Bureau of Prisons to reconsider Petitioner's

---

[1] The Administrative Remedy Program within the Bureau of Prisons requires the inmate to first attempt an "informal resolution" of the issue with the staff, second to file an "initial filing" with the Warden of the institution, within 20 calendar days following the date on which the basis for the request occurred.  Third, the inmate can appeal the Warden's decision to the Regional Director within 20 calendar days of the date the Warden signed the response, and, fourth, the inmate can appeal the decision of the Regional Director to the Office of the General Counsel within 30 calendar days of the date the  Regional Director signed the response.  28 C.F.R. § 542 (1996).

Administrative Remedy and respond to the meritorious issues presented . . ." *Pet. [1]*, p. 4.

Analysis

A Petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)("section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration"); *see also United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). The only relief requested by the Petitioner is for this Court to order the Bureau of Prisons to accept his administrative remedy appeal and review his claims. The Petitioner is not challenging the actual incident report or findings in this petition, instead his challenge is solely limited to the Bureau of Prisons denial of his administrative remedy appeal as untimely filed.

The United States Court of Appeals for the Fifth Circuit has consistently stated that the writ of habeas corpus is not available to a prisoner seeking injunctive relief unrelated to the cause of his detention. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir.1993); *Hernadez v. Garrison*, 916 F.2d 291, 292-03 (5th Cir.1990)(finding federal prisoner's § 2241 petition requesting transfer to another prison not a proper subject for a habeas corpus petition); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976)("Simply stated, habeas is not available to review questions unrelated to the cause of detention."). Furthermore, habeas corpus can not be "utilized to review a refusal to grant collateral administrative relief, unrelated to the legality of detention." *Zalawadia v. Ashcroft*, 371 F.3d 292, 300 (5th Cir.2004)(*citing Amanullah v. Nelson*, 811 F.2d 1, 17 (1st Cir.1987). Clearly, the remedy requested by the Petitioner is not available in a § 2241 writ of habeas corpus. *See generally Zalawadia*, 371 F.3d at 299 (5th Cir.2004)(comparing habeas corpus review and direct review to further clarify the limited scope and powers available

2

to federal courts in habeas corpus actions).

## Conclusion

As stated above, the remedy pursuant to a § 2241 writ of habeas corpus, is not the proper forum to pursue the requested relief.  Therefore, this petition will be dismissed without prejudice.

SO ORDERED this the ___21st___ day of December, 2007.

                                ___s/ David Bramlette_____
                                  UNITED STATES DISTRICT JUDGE